**Dmitri PANI Petitioner**

v.

**ATTORNEY GENERAL OF THE UNITED STATES Respondent.**

**No. 05–2186.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 28, 2006.

Decided April 20, 2006.

Before RENDELL, SMITH and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Dmitri Pani, a native and citizen of Estonia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Pani's applications for political asylum, withholding of removal, and relief under Article III of the Convention Against Torture.[1] The BIA reviewed and adopted much of the IJ's decision, but went on to make certain findings of its own. Where the BIA has reviewed and incorporated the IJ's decision, we treat the incorporated parts of the IJ's decision as the BIA's decision. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir.2004). Because the parties are fully familiar with the background facts and procedural history we need not set them forth in detail, and limit our discussion essentially to our *ratio decidendi*.

Pani presents two issues. First, he asserts that he was denied a full and fair hearing because the Immigration Judge ("IJ") denied his motion for continuance and did not allow him to fully present his claim. Second, he assails the Agency's findings about past persecution, and about future persecution if he is returned to Estonia, which he left to come to the United States in 2002. With respect to the

---

1. Pani does not discuss the agency's denial of his applications for withholding of removal or protection under the Convention Against Torture in his brief to this Court. Therefore, he has waived these issues for purposes of this petition for review. *See, e.g., Vente v. Gonzales*, 415 F.3d 296, 299 n. 3 (3d Cir.2005).

latter point, which turns largely on credibility judgments, we must uphold the agency's findings of fact where they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002) (quotation omitted), and must treat those findings as conclusive unless any reasonable adjudicator would be compelled to reach a contrary conclusion, 8 U.S.C. § 1252(b)(4)(B). Put differently, to reverse the BIA's credibility decision Pani must show that the evidence he presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This standard requires the Court to affirm the administrative decision unless the evidence not only supports the petitioner's position, but compels it "such that a reasonable factfinder would *have* to conclude that the requisite fear of persecution existed." *Id.* at 481, 112 S.Ct. 812 (emphasis added).

■ Pani tells a strange story of how he as a very young man was caught up in a crossfire between some Chechen rebels, their allies in the Estonian National Guard, and a Russian agent spying on the Chechens. Pani worked at a garage that serviced cars of the Estonian National Guard. He claims that the garage was frequented by Chechens who were allied with members of the Estonian National Guard and who were in Estonia to purchase weapons for their rebellion against the Russians. Pani was allegedly pressured by a Russian spy to obtain and hand over information about the activities of the Chechens, and then punished by the Estonians and the Chechens for doing so. The pressures applied by each side allegedly included beatings, torture, threats of serious harm to Pani, and also threats to members of Pani's family.

Although the threats are described by Pani in some detail, the IJ made an adverse credibility determination regarding this testimony. The IJ noted that Pani was the sole witness, and that his testimony was not corroborated by other testimony, documents or affidavits. The IJ reasoned that these items should have been readily available to Pani, since some parts of Pani's story could have been confirmed by his parents, one of whom lived with him in New York, and his girlfriend. We agree that the absence of corroboration was particularly troubling and strongly supports the IJ's decision.

With respect to the adverse credibility determination, the BIA found that the IJ's decision "is not clearly erroneous to the extent that he relied on a material, unexplained inconsistency." There were indeed significant discrepancies between the asylum application and the testimony; perhaps most significantly, it appeared that two of the instances of alleged beating occurred while Pani was, according to his own testimony, still in the United States. The BIA also noted that "although the respondent was on notice that his credibility was at issue, he did not reasonably explain this inconsistency on appeal." The discrepancy between the dates on which Pani was in Estonia and the dates on which he allegedly suffered beatings go to the heart of Pani's claims. In view of the foregoing, we are constrained to find the IJ's determination as to persecution supported by substantial evidence.

■ Turning back to the procedural issue, Pani complains that he was denied a full and fair hearing for two reasons: first, because the IJ refused to adjourn the proceeding even though Pani did not have counsel; and second, because the IJ interrupted Pani's testimony and did not allow him to tell his full story. Neither reason is persuasive. The IJ only denied Pani's mo-

tion for a continuance after the hearing had already been delayed several times. Pani did not appear at the original hearing scheduled on November 3, 2003, allegedly because he experienced dizziness and went to the hospital. Pani did show up as ordered the next day, when the IJ adjourned the case for another ten days in order to give Pani a chance to resolve trouble with his attorney or to get new representation. On the day of the hearing, the IJ insisted that the proceeding take place even though Pani said he was unable to obtain new representation.

We do not think that the IJ was unreasonable in refusing to postpone the November 14, 2003 hearing. The grant or denial of a continuance is within the discretion of the IJ, and the decision will not be overturned unless it appears that the respondent was deprived of a full and fair hearing. As the BIA noted, Pani was provided a full and fair opportunity to prepare and present his application. Pani had four months to prepare his case, testimonial and documentary, since he was on notice from July 3, 3002, that his hearing would be held on November 3, 2003.

Nor do we find that the IJ improperly restricted Pani's presentation. As the BIA noted, Pani was afforded an opportunity to testify and to present any other evidence in support of his claim, and the IJ fulfilled his duty to develop the record. The IJ did not impose restrictions on Pani's presentation, and did not interfere with his testimony.

The Petition for Review will be denied.